MOLLFULLEDA *v.* EL REGISTRADOR DE LA PROPIEDAD.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1ª.

No. 73.—Resuelto en enero 12, 1911.

ANOTACIÓN DE DEMANDA—DOCUMENTO AUTÉNTICO.—El aviso de la interposición de una demanda, que para los efectos de la anotación de la misma ha de presentarse al registrador de acuerdo con el artículo 91 del Código de Enjuiciamiento Civil y 42 de la Ley Hipotecaria, debe constar por medio de documento auténtico, o sea, por certificación del secretario de la corte en que se hubiere radicado la demanda, no siendo suficiente para que se tome tal anotación la mera afirmación de la parte en instancia dirigida al registrador, sin que sea necesario que tal anotación haya sido decretada por el juez o tribunal que entienda en el asunto.

Los hechos están expresados en la opinión.

La parte apelante compareció en nombre propio.

EL JUEZ PRESIDENTE, SR. HERNÁNDEZ, emitió la opinión del tribunal.

En 2 de mayo del año 1910 Juan Mollfulleda presentó escrito al Registrador de la Propiedad de San Juan, Sección 1ª., solicitando anotación de aviso de una demanda que por sí y como tutor y albacea testamentario de la sucesión de Ramón Mollfulleda, había interpuesto contra Juana Ramos Latour sobre nulidad de título de una finca rústica de 200 cuerdas, radicada en el barrio de Hato Rey de la jurisdicción de Río Piedras, bajo determinadas colindancias, y dicho registrador denegó la anotación solicitada por medio de la siguiente nota:

"Denegada la nota de aviso de demanda solicitada en virtud del documento que precede, por observarse que el referido documento no está firmado por abogado en ejercicio, por lo que carece de autoridad el aviso, toda vez que no puede interpretarse el artículo 91 del Código de Enjúiciamiento Civil, de modo que deje el derecho de propiedad a discreción del primer individuo que escriba una carta en igual forma al registrador; y que del mismo no consta que se haya registrado y presentado debidamente en la secretaría que corresponda demanda comprendida en el citado artículo 91 del Código de Enjuiciamiento Civil, defectos ambos que impiden practicar definitivamente la nota marginal solicitada; como asimismo, que dicho documento adolece de las faltas siguientes: no expresa la fecha de la demanda ni la corte en que se haya presentado, ni el nombre de las personas que componen la sucesión que dice representar el peticionario; tomándose en su lugar nota preventiva por el término legal, al margen de la inscripción 3ª. de la finca número 295 duplicado, registrada al folio 125 del tomo 19 de Río Piedras. San Juan de P. R., 9 de mayo de 1910. El Registrador, José S. Belaval."

Volvió a presentar escrito Mollfulleda al mismo registrador en 13 de agosto el propio año 1910, para que se extendiera definitivamente la nota de aviso de demanda que antes lo había sido denegada, y en el escrito manifestó que se trataba de una demanda establecida contra Juana Ramos Latour

ante la Corte de Distrito de San Juan, Sección 1ª., en 28 de
abril de 1909, y que la sucesión de Ramón Mollfulleda, según
el título de esa demanda, estaba constituída por Carmen,
Margarita, Ramona, Teresa, Paula, Alejandrina y Gregoria
Mollfulleda y Osorio, alegando además que para comparecer
en el registro de la propiedad no necesitaba valerse de letrado.

Denegó el registrador la pretensión de Mollfulleda por la
razón que consignó en nota, que literalmente dice así:

"Denegada la conversión en nota definitiva de la preventiva por
el término legal, a que se refiere la puesta al pie del anterior docu-
mento, por no resultar subsanado, de documento auténtico, el primero
de los defectos que impidieron extender aquélla definitivamente.
San Juan, P. R., 25 de agosto de 1910.   E. S. Ginorio, Registrador
Sustituto."

Esa nota ha sido recurrida por Mollfulleda, quien ante
esta Corte Suprema solicita su revocación por haber sido sub-
sanados los defectos primitivos consignados en la nota de 9
de mayo de 1910, con excepción del concerniente a la falta de
comparecencia por medio de abogado por tratarse de un requi-
sito que no exige la Ley Hipotecaria.

Examinados los términos en que aparece redactada la no-
ta recurrida, encontramos que ésta no se funda en la falta de
comparecencia de Mollfulleda en el registro por medio de
abogado, sino en el hecho de no haberse subsanado por medio
de documento auténtico el primero de los defectos que motiva-
ron la nota de 9 de mayo de 1910.   Dicho primer defecto no
puede ser otro que el de no constar que se hubiera registrado
y presentado en la secretaría correspondiente demanda com-
prendida en el artículo 91 del Código de Enjuiciamiento Civil,
pues tal defecto puede subsanarse por medio de documento
auténtico, mientras que la falta de comparecencia por medio
de abogado no se subsana del modo expresado, sino llenando
ese requisito, que ciertamente no se exige por la Ley Hipote-
caria, ni por el Código de Enjuiciamiento Civil en el caso a
que se contrae el artículo 91 del mismo.

El citado artículo 91 ordena que cuando en una acción que afecte al título o al derecho de posesión de una propiedad inmueble, el demandante al tiempo de presentar la demanda y el demandado al tiempo de presentar la contestación o en cualquier tiempo después, pidieren se declare que lo que se reclama es suyo, podrán presentar para su anotación al registrador del distrito en que radicare la propiedad o parte de ella, un aviso de la cuestión litigiosa pendiente, el cual contendrá los nombres y apellidos de las partes, el objeto de la demanda o contestación y la descripción de la propiedad en litigio; y como precedentes del mismo artículo podemos citar el 42 de la Ley Hipotecaria, que en su número 1º. reconoce al que demandare en juicio la propiedad de bienes inmuebles o la constitución, declaración, modificación o extensión de cualquier derecho real, la facultad de pedir anotación preventiva de sus respectivos derechos en el registro público correspondiente, viniendo el artículo 91 del reglamento para la ejecución de dicha ley a regular el ejercicio de aquella facultad.

Ciertamente que el artículo 91 del Código de Enjuiciamiento Civil no exige, como igual artículo del reglamento para la ejecución de la Ley Hipotecaria, que el juez o tribunal mande hacer la anotación preventiva de la demanda, pues aquél estatuye que el aviso de la cuestión litigiosa pendiente podrá presentarse al registrador correspondiente; y aunque no expresa en qué forma debe constar la noticia o aviso, es indudable que debe constar de modo auténtico o sea por medio de certificación que expida la secretaría de la corte de distrito en que radique el juicio, y no por mera afirmación en instancia dirigida al registrador, lo que podría dar lugar a que con mala fe se lastimaran o perjudicaran derechos de propiedad, que según dice el registrador en su nota de 9 de mayo, quedarían así a merced del primer individuo que acudiera al registro con un escrito igual al que presentó Mollfulleda.

Por las razones expuestas entendemos que procede confirmar la nota del Registrador de la Propiedad de San Juan, Sección 1ª., de 25 de agosto del año próximo pasado.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf y del Toro.