El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.

---

Cruz, Recurrente, *v.* El Registrador de San Germán, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Germán denegando la cancelación de una anotación de *lis pendens.*

No. 570.—Resuelto en junio 12, 1923.

Anotación de Demandas en el Registro; Cancelación de.—Una resolución eliminatoria de ciertos particulares de una demanda que dió origen a una anotación de *lis pendens* sobre bienes inscritos a favor de la demandada por no ser final, no puede servir de base a ésta para obtener la cancelación de la anotación de *lis pendens.*

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. J. Sabater.*

El registrador recurrido compareció por escrito.

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

Miguel Vargas, en una acción civil sobre "filiación, nulidad de declaratoria de heredera y reclamación de herencia," alegó en substancia lo siguiente:

Como primera causa de acción, que la demandada Sofía Esperanza es hija natural reconocida de Avelino Cruz, difunto, y había sido declarada su única y universal heredera, y otros hechos suficientes, de ser ciertos, para establecer la condición de demandante como hija natural reconocida de Avelino Cruz;

Como segunda causa de acción, además de reproducir las alegaciones anteriores alegaba que la demandada Sofía Esperanza presentó maliciosamente ante la Corte de Distrito de Mayagüez una solicitud de declaratoria de herederos en

la que, de mala fe, solicitaba que se le declarase única y uni-
versal heredera de Avelino Cruz, a sabiendas de que existía
el demandante como hijo natural reconocido del causante
Avelino Cruz, tratando por ese medio de privar al deman-
dante de sus derechos hereditarios;

Como tercera causa de acción, además de reproducir los
hechos ya citados, alegó en el párrafo séptimo de la misma
que Avelino Cruz, causante de ambos, demandante y de-
mandada, falleció sin otorgar testamento, dejando cuantio-
sos bienes de fortuna que tienen un valor aproximadamente
de trescientos mil dólares, consistentes en los bienes que
en la demanda se describen en detalle; y

Como cuarta causa de acción, después de reproducir to-
dos los hechos de las anteriores causas de acción, se alegaba
que la demandada Esperanza Cruz, según información y
creencia del demandante, aconsejada e instigada por su es-
poso Salomón Costa, valiéndose de falsas simulaciones y
atemorizando a Avelino Cruz y Toro, que era un hombre que
no sabía leer ni escribir, y en completa ignorancia del alcance
de las leyes, con que podía perder todas las fincas rústicas
que tuviera en exceso de quinientos acres de terreno, por-
que había una ley que prohibía a todas las personas el tener
bienes en exceso de quinientos acres, consiguió por estos
medios y a sabiendas de que el demandante tenía posesión
continua del estado civil de hijo natural reconocido de Ave-
lino Cruz y Toro, y de que era un heredero forzoso de este
último, de mala fe, y con intenciones de perjudicar a éste en
su herencia, que Avelino Cruz y Toro, otorgara a su favor es-
crituras de donaciones de las siguientes fincas (describién-
dolas).

En la súplica de la demanda se pedía a la corte que dic-
tara sentencia: (1) Declarando al demandante Miguel Var-
gas, hijo natural reconocido de Avelino Cruz y Toro, con
derecho a llevar su apellido y demás pronunciamientos lega-
les de rigor en estos casos; (2) declarando que el deman-

dante Miguel Vargas, es heredero forzoso de Avelino Cruz y Toro, con derecho a sucederle en la herencia en la misma proporción que la demandada Esperanza Cruz; (3) que se proceda a nombrar un Contador Partidor, para llevar a cabo la partición de bienes relictos al fallecimiento de Avelino Cruz y Toro, por partes iguales entre el demandante y la demandada; (4) declarando nulas todas las donaciones de las fincas a favor de la demandada Esperanza Cruz alega · das en la cuarta causa de acción y ordenando que todas estas fincas sean colacionadas y traídas a la masa común de bienes de la herencia intestada de Avelino Cruz y Toro.

Una resolución sosteniendo y desestimando en parte una moción de eliminación, contiene los siguientes párrafos:

"La corte concede la eliminación del párrafo 7 de la tercera causa de acción de la demanda, por ser inmaterial, irrelevante e improcedente, en relación con los hechos que originan las causas de acción del demandante.

"La corte concede la eliminación en el párrafo 7 de la Cuarta Causa de Acción, desde la línea 13 de dicha página, que empieza así: 'Que Avelino Cruz y Toro otorgara a su favor escrituras de donación de las siguientes fincas,' y todo el resto de dicho párrafo que comprende la descripción de seis fincas, porque tales alegaciones son inmateriales, irrelevantes e . improcedentes en relación con los hechos que originan la causa de acción que ejercita el demandante, y porque hasta que no se haya declarado por sentencia firme la filiación solicitada, no puede alegarse ni solicitarse, la nulidad de contratos de donación celebrados por el causante con sus bienes propios y porque no vale *a priori* determinarse si tales donaciones, caben o nó dentro del tercio de libre disposición, o del haber hereditario de la demandada en los bienes de su padre Ave · lino Cruz y Toro. Y se concede al demandante un término de veinte días para que enmiende su demanda."

En la demanda enmendada se omitían los particulares así eliminados y se pedía a la corte que dictara sentencia (1) declarando al demandante Miguel Vargas, hijo natural reconocido de Avelino Cruz y Toro, con derecho a llevar su

apellido; (2) declarando nula y sin ningún valor la decla-
ratoria de herederos a favor de Esperanza Cruz y Toro, en
su carácter de hija natural reconocida de Avelino Cruz y
Toro, y que el demandante es heredero forzoso de este úl-
timo, con derecho a sucederle en la herencia en la misma
proporción que la demandada Esperanza Cruz.

La demandada entonces presentó al registrador de la
propiedad una certificación de las alegaciones y orden arriba
indicadas y pidió que se cancelara una anotación de *lis
pendens* obtenida por el demandante al radicar la demanda
original.

El registrador se negó a verificar la cancelación porque
"la expresada certificación no, constituye un verdadero tí-
tulo de extinción de los derechos del demandante anotados
por ministerio de ley, o sea de acuerdo ,con las provi-
siones del artículo 91 del Código de Enjuiciamiento Civil,
toda vez que la cancelación solicitada de las referidas ano-
taciones no ha sido ordenada por providencia ejecutoria
contra la cual no se halle pendiente recurso de apelación,
con infracción de los artículos 82, 83, 85 y 90 de la Ley Hi-
potecaria, e inciso primero del artículo 140 de su Regla-
mento.

La recurrente, después de hacer referencia a la alegada
inaplicabilidad de varias de las disposiciones legales cita-
das por el registrador, llama la atención hacia el hecho de
que el artículo 85 de la Ley Hipotecaria, en su segundo apar-
tado, prescribe que "Si se hubiese hecho la anotación sin
escritura pública, y se tratare de cancelarla sin convertirla
en inscripción definitiva, podrá hacerse también la cancela-
ción, mediante documentos de la misma especie que los que
se hubieren presentado para hacer la anotación."

Se alega entonces que los artículos 42 de la Ley Hipo-
tecaria y 140 de su reglamento se refieren solamente a las
acciones sobre propiedad inmueble o derechos reales y
que ésta es puramente una acción personal; que habiendo

sido incluídos indebidamente en la demanda original y eliminados de ella los elementos de naturaleza distinta, y habiéndose visto obligado el demandante a radicar una demanda enmendada omitiendo las alegaciones así eliminadas, la demandada tiene derecho a la cancelación de las anotaciones preventivas al presentar los documentos de naturaleza semejante a aquel por virtud del cual tales anotaciones fueron hechas, prescindiendo de cuál pueda ser el resultado final de la acción que está pendiente.

Y yendo un poco más lejos la recurrente insiste en que dentro de las circunstancias de este caso el registrador nunca debió haber verificado las anotaciones. Eso podría ser cierto si fuera perfectamente claro que la demanda original no alegaba otra cosa que una causa de acción puramente personal, no obstante las alegaciones que la corte luego ordenó fueran eliminadas.

Pero las anotaciones se hicieron y si era o nó correcta la acción tomada por el registrador, se había creado un estado legal según el registro, que puede ser modificado solamente por alguno de los medios prescritos o reconocidos por la ley, pero, en ningún caso, por el registrador a iniciativa propia o de otro modo, simplemente porque de una consideración más amplia pudiera llegar a la conclusión de que las anotaciones habían sido hechas indebida o erróneamente. La demanda original, según su faz, envolvía el título a la propiedad inmueble y fué aceptada por el registrador por el valor que representaba tener. El efecto de una anotación de *lis pendens* generalmente no queda anulado por una enmienda a la demanda. *Brook* v. *Pearson,* 87 Cal. 581.

En el presente caso la demanda enmendada, acompañada de la resolución de la corte, *supra,* y que fué presentada por la demandada, no era, por lo menos en un particular muy importante, la misma clase de documento que la alegación original que fué ofrecida por el demandante primeramente.

La demanda original era una exposición espontánea de las varias causas de acción del demandante, en la que alegaba sus derechos según creía él que eran. La demanda enmendada era una alegación que fué radicada para satisfacer el criterio de la corte sentenciadora manifestado en una resolución adversa al demandante y favorable a la demandada, dictada sobre una moción para que fueran eliminados ciertos particulares de la primitiva alegación. En el caso de dictarse sentencia a favor del demandante sobre los méritos de la demanda enmendada, estaría él en condiciones de poder reclamar los derechos alegados en la alegación eliminada, aunque ésta es tal vez una circunstancia de un valor algo dudoso. Sin embargo, a falta de alguna demostración por la recurrente en sentido contrario, podemos asumir, para los fines de esta opinión, que en apelación contra una sentencia adversa dictada en la corte de distrito, el demandante hubiera tenido derecho a que se revisase la resolución dictada sobre la moción para eliminar, y de ser errónea, que fuese revocada. Resulta, pues, que la resolución en la cual se funda la recurrente no es necesariamente final, ni es la situación, como lo determina el alcance de la demanda enmendada, por necesidad permanente en su naturaleza.

Hay, por supuesto, o generalmente habría, una fuerte presunción en favor de la corrección de la orden sobre la moción para eliminar; pero esa presunción no es concluyente y, por tanto no puede afectar a la cuestión sometida ahora a nuestra consideración. En tanto pueda estar sujeta a revisión en apelación la actuación del juez de distrito, no puede considerarse como final, ni puede ser anticipado por el registrador el resultado final.

Aun siendo de otro modo, un registrador podría encontrar cierta dificultad en adoptar la teoría que la recurrente sustenta sobre el particular, en vista de la doctrina enun-

ciada por esta corte en el caso de *Orta* v. *Arzuaga,* 23 D. P.
R. 259.   En ese caso se dijo, en la página 268, con un solo
voto disidente, que "ya que en el fondo toda acción de ·fi-
liación generalmente envuelve la reclamación inmediata o
remota de alguna propiedad, hecho que resalta aun más en
este caso concreto en que el demandante y apelante alega en
su demanda, como expusimos al principio de esta opinión,
que parte de los bienes de su padre, en su mayoría inmue-
bles, se hallan radicados en los términos municipales de
Carolina y Loíza, y que los demandados, que son los here-
deros nombrados por Arzuaga en su testamento, se niegan
a reconocer al demandante como hijo natural de Arzuaga y
se oponen a que el demandante use el apellido de su padre y
entre en posesión de los bienes de que consiste su herencia."

No es necesario discutir ahora, ya los méritos de la con-
clusión a que de tal modo se llegó, o el efecto de la misma
sobre la resolución de la corte inferior, o la relación que tal
proposición pueda tener con la cuestión de *lis pendens.*

Es bastante con que el pleito a que se hace referencia en
las anotaciones preventivas tomadas en el registro de la
propiedad, esté aún pendiente, que las enmiendas hechas
para cumplir con una resolución que necesariamente no es
final, pero que puede o nó ser revisada y confirmada o revo-
cada en apelación, no implique un abandono o renuncia de
los derechos alegados en la primitiva demanda y en la cual
se fundaron las anotaciones.   Y aun la demanda enmen-
dada, al atacar, como lo hace, la declaratoria de herederos,
parece afectar directamente a la raíz del título de la de-
mandada adquirido por herencia de su padre.

Debe confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente del Toro y Aso-
ciados Wolf, Aldrey y Franco Soto.