MORALES, PETICIONARIA, *v.* CORTE DE DISTRITO DE MAYAGÜEZ, DEMANDADA.

No. 440.—*Visto:* Enero 28, 1924.    *Resuelto:* Mayo 31, 1924.

ANOTACIÓN DE DEMANDA—FIANZA PARA GARANTIZAR AL DEMANDADO DE LOS EFECTOS DE LA ANOTACIÓN—*Certiorari.*—No procede exigir fianza para obtener la anotación de una demanda de acuerdo con el artículo 91 del Código de Enjuiciamiento Civil, y si se exige, la orden dictada al efecto puede anularse mediante un procedimiento de *certiorari.*

RESOLUCIÓN de *Angel Acosta,* J. (Mayagüez), decretando prestación de fianza, impugnada por *certiorari.* *Anulada y devuelto el caso para ulteriores procedimientos.*

*L. Muñoz Morales,* abogado de la peticionaria; *J. Sabater,* abogado de la interventora.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El presente es un caso de *certiorari* y la cuestión de procedimiento la que sigue: ¿puede una corte decretar la cancelación de una anotación de una demanda en el registro,

a no ser que el demandante preste fianza para garantir los daños y perjuicios que con la anotación ocasione a la parte contraria?

María del Carmen Morales interpuso demanda en la Corte de Distrito de Mayagüez alegando haber formado desde el año 1879 una sociedad con Lino Cruz y Toró, aportando ambos bienes y trabajo, con objeto de repartirse por mitad las ganancias. Se especifican los bienes aportados. Se alega que los socios vivieron además en concubinato y que Lino Cruz murió en 1921 dejando por única heredera a la demandada quien se incautó de todos los bienes sin reconocer su participación a la demandante. En la demanda se determinan como bienes dejados a su fallecimiento por Cruz sesenta y una propiedades distintas consistentes en fincas y créditos hipotecarios cuyo valor asciende a unos doscientos mil dólares.

De acuerdo con el artículo 91 del Código de Enjuiciamiento Civil, la demandante solicitó y obtuvo que su demanda se anotara en el registro, y la demandada, alegando que la anotación le producía grandes perjuicios, solicitó a su vez de la corte que exigiera a la demandante que prestara una fianza para indemnizarle en el caso de que su demanda no prosperara y si así no lo hacía que su anotación fuera cancelada.

Después de oir a ambas partes la corte declaró la moción de la parte demandada con lugar fijando una fianza de veinte y cinco mil dólares, y la demandante estableció entonces la presente solicitud de *certiorari.*

Que la anotación produjo y seguirá produciendo dificultades a la parte demandada, es evidente. Varios de los créditos hipotecarios vencieron y la parte demandada no pudo hacerlos efectivos, teniendo que depositarse su importe en la corte. Y el caso se seguirá repitiendo hasta la terminación del litigio. Si dicha terminación fuera favorable a la demandada, no podría ésta resarcirse de dichos perjuicios a no ser que se prestara la fianza exigida. Los hechos pa-

recen justificar la medida adoptada, pero ¿la autoriza la ley?

No sólo compareció y archivó su alegato el abogado de la peticionaria, si que también compareció y archivó su alegato el abogado de la demandada. El artículo 91 del Código de Enjuiciamiento Civil que concede el derecho, no exige el requisito de la fianza para ejercitarlo. Ni siquiera requiere la acción de la corte para obtener la anotación. Y ni la parte demandada ha citado, ni hemos podido encontrar nosotros precepto alguno de ley o jurisprudencia que sostenga la acción de la corté de distrito. Las analogías a que se refiere la parte demandada con el procedimiento de *injunction* y la invocación que hace de los poderes inherentes de las cortes, no pueden servir a nuestro juicio para resolver el caso adoptando una regla que prácticamente podría anular el precepto legislativo en muchos casos.

La ley no exige fianza. La corte en tal virtud no puede exigirla. *Debe anularse la orden* de que se queja la peticionaria y *devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.