MARÍA PÍA FERNÁNDEZ, EMILIA ROMÁN FERNÁNDEZ y RAFAEL ROMÁN como padre con patria potestad de sus menores hijos legítimos JOSEFA, RAMONA y MARÍA EMMA ROMÁN y FERNÁNDEZ, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE AGUADILLA, recurrido.

No. 896.—*Sometido:* Noviembre 6, 1933. *Resuelto:* Noviembre 16, 1933.

*José Sabater,* abogado de los recurrentes; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En una acción promovida por las recurrentes contra Sebastiana Roldán y Miguel de los Muros Roldán solicitan las

primeras, basadas en las alegaciones de la demanda, que se les declare dueñas únicas de tres fincas que se describen y marcan con las letras A, B y C, y que, según alegan, adquirieron por título de herencia intestada de su padre natural don José Fernández de los Muros y Bidopia. Asimismo solicitan las demandantes en dicho pleito que ciertos traspasos o ventas verificadas por el causante a favor del demandado Miguel de los Muros y Roldán de las dos fincas descritas con las letras B y C sean declaradas nulas y que se ordene la cancelación de la inscripción que se hizo en el Registro de la Propiedad de Aguadilla sobre una de las fincas a favor del demandado Miguel de los Muros Roldán.

Las recurrentes, por conducto de su abogado, presentaron en el Registro de la Propiedad de Aguadilla una certificación de la demanda, autorizada por el secretario de la corte del distrito mencionado, solicitando que, en cuanto a la finca marcada con la letra B, se anotara en el registro de la propiedad, de acuerdo con el artículo 91 del Código de Enjuiciamiento Civil.

El registrador devolvió el documento sin verificar operación alguna, basado en las razones que se expresan en la siguiente nota:

"Devuelto el presente documento, que es un escrito autorizado por el Lcdo. José Sabater, en su carácter de abogado de los demandantes, con el que se acompaña una copia de la demanda en el pleito civil número 10703, seguido ante la Corte de Distrito del Distrito Judicial de Aguadilla, Puerto Rico, certificada por su Secretario Jesús Palau, solicitando la anotación de dicha demanda por nota al margen de la inscripción de la finca que en dicho escrito se describe, sin verificar operación alguna, por cuanto se trata de un documento no inscribible ni anotable toda vez que, constituyendo el art. 91 del Código de Enjuiciamiento Civil, en el cual se funda dicha solicitud, una ley de carácter puramente sustantivo, en la que no se determina el procedimiento a seguir, de conformidad con la jurisprudencia establecida por la Corte de Circuito de Apelaciones de Boston, que deroga la (jurisprudencia) establecida por nuestra Honorable Corte Suprema, para estas anotaciones *litis pendens* el procedimiento debe

ajustarse a los preceptos del inciso 1º. del art. 42 de la Ley Hipotecaria y su concordante el 91 del Reglamento."

En su alegato nos dice el registrador que por información del abogado Angel Arroyo Rivera tuvo conocimiento de que en.cierto caso resuelto por la Corte de Circuito de Apelaciones de Boston, procedente de esta Corte Suprema, se dictó sentencia de conformidad con la nota recurrida; pero que, por carecer de la obra que contiene dicha jurisprudencia, no ha podido localizarla, habiendo resuelto el presente caso "no sólo por la confianza que le mereció aquella información, si que también porque la cuestión que ahora es motivo de este recurso cree el registrador que es por primera vez levantada y que merece la sapientísima consideración de este alto tribunal."

No conocemos ninguna decisión de la Corte de Circuito de Apelaciones de Boston que haya derogado la jurisprudencia sentada por esta corte. El registrador ha incurrido en un error manifiesto al tomar como base para negar la anotación la información de un tercero sin comprobar la certeza de la misma. Esta información, aunque se produzca de buena fe, puede estar equivocada, ya porque no se haya interpretado correctamente la sentencia, en .caso de que exista, o porque erróneamente se tenga la creencia de que ha sido dictada, sin que en realidad se haya resuelto nada ni emitido opinión alguna sobre el particular.

El registrador, sin embargo, hace constar que en el caso de que la información fuese inexacta y "que dicha jurisprudencia no existiera, debería existir y ser nuestra Hon. Corte Suprema la que con su profunda sabiduría la estableciera en caso de tanta trascendencia judicial." Arguye el registrador que nuestras leyes garantizan al demandado los daños y perjuicios que puedan ocasionársele por el demandante en el caso de no prosperar la acción ejercitada, en los embargos, y en general en todos los procedimientos ordinarios y extraordinarios que en alguna forma restringen o limitan el derecho a la posesión o al dominio de los bienes de cualquier clase.

Añade que el único caso que establece un formidable privilegio a favor del demandante es la anotación de la demanda que autoriza el artículo 91 de la Ley procesal, a pesar de que en esencia y en sustancia tal anotación tiene el mismo alcance y surte los mismos efectos de un embargo preventivo. La nota denegatoria se basa principalmente en que el artículo 91 del Código de Enjuiciamiento Civil es una disposición sustantiva que no deroga ni expresa ni implícitamente el inciso primero del artículo 42 de la Ley Hipotecaria, debiendo seguirse en toda anotación de demanda el procedimiento vigente del artículo 91 del Reglamento de la Ley Hipotecaria.

De acuerdo con el inciso primero del artículo 42 de la referida ley, podrá obtener anotación preventiva de sus respectivos derechos el que demandare en juicio la propiedad de bienes inmuebles o la constitución, declaración, modificación o extinción de cualquier derecho real. El artículo 43 de la misma ley dispone que no podrá hacerse la anotación sino cuando se ordene por providencia judicial dictada a instancia de parte legítima y en virtud de documento bastante, al prudente arbitrio del juzgador. El artículo 91 del reglamento autoriza la anotación preventiva, por mandato judicial, a petición del que propusiere la demanda, ofreciendo indemnizar los perjuicios que de ella puedan seguirse al demandado en caso de ser absuelto.

El artículo 91 de nuestra Ley Procesal dice así:

"En una acción que afecte al título o al derecho de posesión de propiedad inmueble, el demandante, al tiempo de presentar la demanda, y el demandado al tiempo de formular su contestación, cuando en dicha contestación se solicite un remedio a su favor, o en cualquier tiempo después, pueden presentar para su anotación al registrador del distrito en que esté situada la propiedad o alguna parte de la misma, un aviso de estar pendiente la acción, que contenga los nombres de las partes, el objeto de la acción o defensa y una descripción de la propiedad afectada por dicha acción."

La cuestión que el registrador recurrido plantea como nueva ha sido resuelta por esta corte en más de una ocasión.

En el caso de *Morales* v. *Corte de Distrito,* 33 D.P.R. 271, se resolvió que no procede exigir fianza para obtener la anotación de una demanda de acuerdo con el artículo 91 del Código de Enjuiciamiento Civil. En el caso de *Padilla* v. *Registrador,* 39 D.P.R. 533, el Juez Texidor, hablando a nombre de la corte, se expresó en los siguientes términos:

"Percíbese, a primera vista, la diferencia entre este artículo (91 del Código de Enjuiciamiento Civil) y el de la Ley Hipotecaria que hemos citado. Para la anotación preventiva se requiere que la demanda lo sea de propiedad o de cualquier derecho real. Para el aviso al Registro, en el caso del artículo 91, de acción que afecte al título o derecho de posesión, sin que pueda precisarse el exacto sentido del verbo 'afectar' ni la época o tiempo a que el artículo se refiere. Para la anotación preventiva de la Ley Hipotecaria, la necesaria intervención del juez, como garantía más sólida. Para la de procedimiento, la determinación de la voluntad de la parte. En la anotación preventiva de que se trata, se establece por el Reglamento en su artículo 126 la forma completa, el mejor aviso a todos, en que se ha de extender. Para la anotación con arreglo a la ley procesal, basta una nota marginal. Para la anotación preventiva hipotecaria en este caso, la garantía de que habla el artículo 91 del Reglamento para ejecución de la Ley Hipotecaria: para la nota con arreglo a la Ley procesal, sin garantía alguna."

Como se ve, el Juez Texidor hace un estudio comparativo de las disposiciones de la Ley Hipotecaria que se relacionan con la anotación preventiva autorizada por el artículo 42, y de la anotación o aviso autorizado por el artículo 91 de la Ley Procesal Civil, y declara, ratificando decisiones anteriores de este tribunal, que la anotación preventiva de la Ley Hipotecaria requiere la intervención del juez, como una garantía más sólida, mientras que para la del procedimiento basta la determinación de la voluntad de la parte. *Mollfulleda* v. *Registrador,* 17 D.P.R. 34; *Manrique de Lara* v. *Registrador,* 23 D.P.R. 864; *Velázquez* v. *Registrador,* 27 D.P.R. 268. Continúa diciendo la corte que la garantía procede en la anotación preventiva hipotecaria de acuerdo con el artículo 91 del reglamento; pero no en la nota o aviso con arreglo a la Ley Procesal.

Esta es la jurisprudencia de este tribunal que el registrador descarta indebidamente porque alguien le dijo que existe una sentencia de la Corte de Apelaciones de Boston revocando la doctrina establecida.

*Debe revocarse la nota recurrida.*