Carmen Rosa Olivera, representada por su madre con patria potestad Ana Celia Olivera, recurrente, *v.* El Registrador de la Propiedad de San Germán, recurrido.

Núm. 995.—*Sometido:* Abril 27, 1937. *Resuelto:* Abril 30, 1937.

*Enrique Báez García,* abogado de la recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Córdova Dávila emitió la opinión del tribunal.

Carmen Rosa Olivera, menor de edad, representada por su madre Ana Celia Olivera, inició una acción ante la Corte de Distrito de Mayagüez, solicitando ser declarada hija natural de Felipe A. González, quien falleció sin dejar ascendientes ni descendientes legítimos, y alegando, además, que es hija del referido Felipe A. González y que ha estado en posesión del estado de hija natural desde la fecha de su nacimiento hasta el día de hoy.

La demanda va dirigida contra una hermana superviviente de Felipe A. González, y contra otros demandados que ostentan la representación de dos hermanos del causante que han fallecido.

La demandante presentó al Registro de la propiedad de San Germán copia certificada de la demanda de filiación, acompañándola de un escrito dirigido al Registro en que se

describe una finca rústica de 5.40 cuerdas que aparece inscrita en dicho registro a nombre del alegado padre natural de la demandante, Felipe A. González. Se solicitó la anotación de la referida demanda de acuerdo con el artículo 91 del Código de Enjuiciamiento Civil.

Negóse el registrador a acceder a los deseos de la demandante en una nota que copiada en parte dice así:

"Denegada la anotación de demanda que se solicita en el escrito que se acompaña del letrado Enrique Báez García y tomada en su lugar anotación preventiva a favor de la demandante Carmen Rosa Olivera de su expresado derecho, .... por las razones siguientes: *Primero:* Porque la anotación que se solicita no está de acuerdo con lo dispuesto en el artículo 91 de la Ley de Enjuiciamiento Civil, pues en dicha demanda se trata de una acción de filiación exclusivamente y hay en ella ausencia completa de algún hecho que afecte al título o al derecho de posesión de propiedad inmueble o algún derecho real. La descripción de la propiedad afectada bajo tales circunstancias debe hacerse constar claramente en la demanda, y no puede suplirse ese requisito indispensable por un simple escrito que se dirija al Registrador acompañando la demanda, interesando en él que aquélla se anote sobre tal o cual propiedad, pues en esta forma que se pretende tal anotación los demandados no tendrían conocimiento en debida forma de hecho alguno que ataque el título o la posesión del inmueble anotado ...."

De acuerdo con el artículo 91 del Código de Enjuiciamiento Civil, la anotación de una demanda puede efectuarse cuando la acción iniciada afecta al título o al derecho de posesión de una propiedad inmueble.

El artículo referido dice así:

"En una acción que afecte al título o al derecho de posesión de propiedad inmueble, el demandante, al tiempo de presentar la demanda, y el demandado al tiempo de formular su contestación, cuando en dicha contestación se solicite un remedio a su favor, o en cualquier tiempo después, pueden presentar para su anotación al registrador del distrito en que esté situada la propiedad o alguna parte de la misma, un aviso de estar pendiente la acción, que contenga los nombres de las partes, el objeto de la acción o defensa y una descripción de la propiedad afectada por dicha acción."

Esta corte, en el caso de *Padilla* v. *Registrador,* 39 D.P.R. 533, y *Fernández* v. *Registrador,* 45 D.P.R. 716, analiza la naturaleza y alcance del aviso que de acuerdo con la disposición legal anteriormente transcrita, puede hacerse constar en el registro de la propiedad. El primero de dichos casos establece la diferencia existente entre el artículo 91 del Código de Enjuiciamiento Civil y la anotación preventiva autorizada por el artículo 42 de le Ley Hipotecaria. Se dice en dicha decisión que la anotación de demanda autorizada por nuestra ley procesal depende de la voluntad de la parte.

La única cuestión a resolver en este caso es si la propiedad inmueble descrita en el documento que la recurrente acompañó a la demanda, queda afectada o no por la acción de filiación ejercitada.

En el caso de *Cruz* v. *Registrador de la Propiedad de San Germán,* 32 D.P.R. 34, se radicó una demanda conteniendo varias causas de acción, entre ellas una de filiación y otra de reclamación de herencia. En la causa de acción que se refería a la reclamación de herencia se describía un número de fincas. Dicha demanda fué anotada en el registro de la propiedad. Posteriormente, el demandado obtuvo de la Corte de Distrito de Mayagüez la eliminación de todas las descripciones de las fincas. Solicitó entonces del registrador de la propiedad la cancelación de la nota, alegando que no describiéndose en la demanda las fincas, no se podía tomar anotación sobre ellas. Este tribunal sostuvo la negativa del registrador a cancelar la anotación de la demanda, por razones muy distintas a las que sirven de base al presente recurso; pero en el curso de la opinión dijo lo siguiente:

"Aún siendo de otro modo, un registrador podría encontrar cierta dificultad en adoptar la teoría que la recurrente sustenta sobre el particular, en vista de la doctrina enunciada por esta corte en el caso de *Orta* v. *Arzuaga,* 23 D.P.R. 259. En ese caso se dijo, en la página 268, con un solo voto disidente, que 'ya que en el fondo toda acción de filiación generalmente envuelve la reclamación inmediata o remota de alguna propiedad, hecho que resalta aun más en

este caso concreto en que el demandante y apelante alega en su demanda, como expusimos al principio de esta opinión, que parte de los bienes de su padre, en su mayoría inmuebles, se hallan radicados en los términos municipales de Carolina y Loíza, y que los demandados, que son los herederos nombrados por Arzuaga en su testamento, se niegan a reconocer al demandante como hijo natural de Arzuaga y se oponen a que el demadante use el apellido de su padre y entre en posesión de los bienes de que consiste su herencia.' ''

Ahora la cuestión ha sido debidamente planteada ante este Tribunal y es necesario resolverla. La demandante solicita en su demanda que se le declare hija natural reconocida de Felipe A. González, con todos los derechos que el Código Civil otorga a los hijos naturales y con los demás. pronunciamientos de ley. Entre estos derechos figura prominentemente el de la herencia. Declarada la naturalidad del hijo, éste tiene derecho a heredar al padre en la proporción que la ley le concede. En este caso, se alega en la demanda que no hay ascendientes ni descendientes legítimos o legitimados. Salta a la vista que si la demandante prueba sus alegaciones tiene derecho sobre la finca que aparece inscrita a nombre de su causante en el registro de la propiedad mientras la misma permanezca indivisa.

No podríamos decir nosotros, sin dejar desamparada a la demandante, que la propiedad referida no queda afectada por esta acción. Existe la posibilidad de que los demandados hayan obtenido una declaratoria de herederos y de que se hayan realizado actos que los autoricen para la transmisión de esa propiedad inscrita. La demandante tiene derecho a ser protegida y el medio más eficaz de hacerlo es la anotación marginal de la demanda iniciada. La demandante ha cumplido con los requisitos que la ley le exige. Ha presentado la demanda debidamente certificada por el Secretario del tribunal donde fué iniciada y ha presentado un escrito describiendo la propiedad. El registrador no puede tener dudas de que esa finca aparece inscrita a favor del presunto padre, porque estos hechos constan en los propios libros del

registro. La parte demandante describe esa misma finca en su escrito y ofrece prueba fehaciente a la parte recurrida de la acción que ejercita reclamando su filiación. No puede exigirse una información más amplia y auténtica.

*Debe revocarse la nota recurrida.*